# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

### COURT FILE NO.:

Gary Thurow,
    Plaintiff

v.

Professional Finance Company, Inc.,
    Defendant

_____

### COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1.    Plaintiff Gary Thurow ("Plaintiff") brings this action against Defendant Professional Finance Company, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4.    Plaintiff is a natural person who at all relevant times resided in the State of Colorado, County of Adams, and City of Brighton.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a Wells Fargo Bankcard account (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of the Debt, Defendant filed a lawsuit against Plaintiff on or about August 16, 2012 in the Douglas County Court for the state of Colorado.

12. However, Plaintiff was never notified of the lawsuit because Defendant had served someone other than Plaintiff at an address at which Plaintiff had not lived since 2006.

13. Defendant did not contact Plaintiff directly to collect the Debt at any point prior to filing the lawsuit.

14. The court granted a default judgment to Defendant on October 24, 2012, under the ostensible belief that Plaintiff had been properly served.

15. On or about December 24, 2015 the court issued a writ of garnishment against Plaintiff.

16. Around January 15, 2016, Plaintiff received his first notice of the garnishment action when the secretary for the company Plaintiff works for gave him a copy of the judgment.

17. On February 4, 2016, Plaintiff filed a motion to set aside the default judgment, stating that he was not properly notified at the time of the original proceedings.

18. After a hearing, the court found that Plaintiff was not properly served.

19. The court vacated the default judgment on March 28, 2016.

20. However, between February 5, 2016 and March 4, 2016, Defendant collected a total of $713.86 from Plaintiff through the continuing wage garnishment.

21. On or about May 31, 2016, the Douglas County Court dismissed the Defendant's lawsuit for lack of prosecution.

22. For several months after the judgment was vacated, Defendant did not return any of the improperly collected funds to Plaintiff.

23. On or about June 20, 2016, Plaintiff, through counsel, notified Defendant of the FDCPA claims being asserted against it.

24. It was not until after Plaintiff involved his counsel and had to threaten litigation that Defendant offered to return the $713.86.

25. However, Defendant refused to engage in any further negotiations to resolve these claims.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)

26. Plaintiff repeats and re-alleges each factual allegation above.

27. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged Debt, or the amount which may be lawfully collected from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(5)

28. Plaintiff repeats and re-alleges each factual allegation above.

29. Defendant violated 15 U.S.C. § 1692e(5) by taking or threatening to take an action against Plaintiff that cannot be legally taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

30. Plaintiff repeats and re-alleges each factual allegation above.

31. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f(1)

32. Plaintiff repeats and re-alleges each factual allegation above.

33. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount from Plaintiff not permitted by law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

34.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 5, 2016

          Respectfully submitted,

          s/ Russell S. Thompson, IV
          Russell S. Thompson, IV (029098)
          Thompson Consumer Law Group, PLLC
          5235 E. Southern Ave., D106-618
          Mesa, AZ 85206
          602-388-8898
          866-317-2674 facsimile
          rthompson@consumerlawinfo.com

          s/ Joseph Panvini
          Joseph Panvini (028359)
          Thompson Consumer Law Group, PLLC
          5235 E. Southern Ave., D106-618
          Mesa, AZ 85206
          602-388-8875
          866-317-2674 facsimile
          jpanvini@consumerlawinfo.com

          Attorneys for Plaintiff