**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.: 1:16-cv-02000-KLM**

Gary Thurow,
    Plaintiff

v.

Professional Finance Company, Inc.,
    Defendant

_____

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**
_____

**NATURE OF ACTION**

1.    Plaintiff Gary Thurow ("Plaintiff") brings this action against Defendant Professional Finance Company, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

**PARTIES**

4.    Plaintiff is a natural person who at all relevant times resided in the State of Colorado, County of Adams, and City of Brighton.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a Wells Fargo Bankcard account (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of the Debt, Defendant filed a lawsuit against Plaintiff on or about August 16, 2012 in the Douglas County Court for the state of Colorado. *See* Complaint Attached hereto as Exhibit A.

12. However, Defendant never *actually* served Plaintiff with its lawsuit.

13. On September 30, 2012, Defendant allegedly served Plaintiff at 12896 Ironstone Way, Apt. 301, Parker, CO 80134. *See* Affidavit of Service attached hereto as Exhibit B.

14. Plaintiff did not live at the Ironstone Way address at the time he was allegedly served.

15. Plaintiff has not lived at the Ironstone Way address since 2006.

16. Moreover, Plaintiff does not match the description of the individual served with Defendant's complaint.

17. Per the affidavit of service, the person served with Defendant's complaint was 5' 9" and weighed 195 pounds, had black hair, and did not wear glasses. *Id.*

18. Plaintiff is 5' 6" and weighs just 155 pounds, moreover he has light brown hair and wears glasses.

19. Since 2003, as a result of Plaintiff's inclusion in Colorado's Sex Offender registry, Plaintiff's address, and physical description have been—and are required to be—a matter of public knowledge. *See* C.R.S. § 16-22-111.

20. The first result returned in a Google internet search for Plaintiff's name lists Plaintiff's address, as well as his physical description. *See* Google search result printout attached hereto as exhibit C.

21. The seventh result returned in a Bing internet search for Plaintiff's name lists Plaintiff's address, as well as his physical description. *See* Bing search result printout attached hereto as exhibit D.

22. The seventh result returned in a Yahoo internet search for Plaintiff's name lists Plaintiff's address, as well as his physical description. *See* Yahoo search result printout attached hereto as exhibit E.

23. The fifth result returned in a DuckDuckGo internet search for Plaintiff's name lists Plaintiff's address, as well as his physical description. *See* DuckDuckGo search result printout attached hereto as exhibit F.

24. None of these results list Plaintiff's address as the 12896 Ironstone Way.

25. Colorado's sex offender registry—which is publicly searchable—does not list Plaintiff's address as the Ironstone Way address.

26. Because Plaintiff's actual address is a matter of public knowledge, and has been so since 2003, and was easily discoverable by just a simple internet search using any one of the leading internet search engines, Defendant knew or should have known that Plaintiff did not live at the Ironstone Way address when it attempted service there.

27. As a result of Defendants' improper service, Plaintiff never got notice of Defendant's lawsuit until 2016.

28. As a result of Defendant's improper service, Plaintiff was deprived of the opportunity to defend himself from Defendant's suit and to raise arguments on his own behalf.

29. By attempting to serve Plaintiff at a ten-year-old address he no longer lived at, despite Plaintiff's actual address being a matter of public knowledge and easily discoverable via a simple search of any of the most popular internet search engines, Defendant engaged in collection activity that is false, deceptive, misleading, unconscionable, and prejudicial to the administration of justice.

30. Nonetheless, based on the affidavit of service, the Douglas County Court granted a default judgment to Defendant on October 24, 2012.

4

31. Thereafter, Defendant took no action on the account or the judgment, until three years later, when on or about December 24, 2015, the court issued a writ of garnishment against Plaintiff.

32. On or about January 15, 2016, Plaintiff received his first notice of the action taken against him, when the secretary for the company Plaintiff works for gave him a copy of the judgment.

33. On February 4, 2016, Plaintiff—representing himself—filed a motion with the Douglas County Court to set aside the default judgment. *See* motion attached hereto as exhibit G.

34. In essence, Plaintiff's motion argued that he was not properly served during the original proceedings. *Id.*

35. On March 28, 2016, after conducting a hearing on the issue, the Douglas County Court found that Plaintiff was not properly served, and vacated the default judgment. Doc. 5-2.

36. The Douglas County Court also directed Defendants to properly serve Plaintiff. *Id.*

37. On or about May 31, 2016, after Defendant failed to serve Plaintiff, the Douglas County Court dismissed Defendant's lawsuit for lack of prosecution.

38. Between February 5, 2016 and March 4, 2016, Defendant collected a total of $713.86 from Plaintiff through a continuing wage garnishment.

39. As of March 28, 2016, Defendant had no authority to retain Plaintiff's garnished funds, as the judgment entered in its favor was voided by the Douglas County Court.

40. Nonetheless, for several months after the judgment was vacated, Defendant failed to return any of the money it had improperly garnished from Plaintiff.

41. On or about June 20, 2016, Plaintiff, through counsel, contacted Defendant regarding its failure to return Plaintiff's garnished funds and the potential FDCPA violations that might have occurred as a result of Defendant's conduct.

42. During these discussions, Defendant acknowledged that Plaintiff was included in Colorado's Sex Offender Registry.

43. It was not until after Plaintiff obtained counsel and threatened litigation that Defendant offered to return the $713.86.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(5)

44. Plaintiff repeats and re-alleges each factual allegation above.

45. Service of process must be valid and complete under the Due Process Clause, which requires "notice reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1240 (Colo. 2012) (en banc) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

46. Colorado Rule of Civil Procedure 4 provides:

> Personal Service shall be as follows . . . Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family. . . .

C.R.C.P. 4(e)(1).

47. Defendant served Plaintiff at an address that he did not live at, and that he had not lived at for several years.

48. Defendant's service violated both the Colorado Rules of Civil Procedure and the United States Constitution.

49. By serving Plaintiff at a ten-year-old address that he no longer lived at, despite Plaintiff's actual address being a matter of public knowledge and easily discoverable via a simple search of any of the most popular internet search engines, Defendant violated 15 U.S.C. § 1692e(5) by taking or threatening to take an action against Plaintiff that cannot be legally taken.

50. Because Defendant never served Plaintiff with its complaint, despite the exercise of diligence, Plaintiff could not discover Defendant's violation of 15 U.S.C. § 1692e(5), arising from Defendant's defective service of its complaint, until January 2016.

51. Colorado follows the discovery rule regarding FDCPA claims. *See Bynes v. Liberty Acquisitions Servicing, LLC*, No. CIV.A. 12-CV-00950, 2012 WL 6962888, at *2 (D. Colo. Nov. 8, 2012), report and recommendation adopted, No. 12-CV-00950-RBJ-

KLM, 2013 WL 360010 (D. Colo. Jan. 30, 2013) ("the traditional discovery rule is still the law in the Tenth Circuit in connection with the FDCPA's statute of limitations.").

52. Thus, Plaintiff's claim under 15 U.S.C. § 1692e(5) is timely notwithstanding that fact that Defendant's violative conduct occurred in 2012.

53. Furthermore, as of March 28, 2016, Defendant had no authority to retain Plaintiff's garnished funds, as the judgment entered in its favor was voided by the Douglas County Court.

54. Nonetheless, for several months after the judgment was vacated, Defendant failed to return any of the money it had garnished from Plaintiff.

55. By retaining $713.86 of Plaintiff's money, when it had no right to do so, Defendant violated 15 U.S.C. § 1692e(5) by taking or threatening to take an action against Plaintiff that cannot be legally taken.

56. As a result of Defendant's failure to return the funds it had no legal right to possess, Plaintiff has lost the use of funds that are rightfully his and has had to incur the time, expense, and disutility of obtaining counsel to secure the return of his garnished funds.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

57. Plaintiff repeats and re-alleges each factual allegation above.

58. Service of process must be valid and complete under the Due Process Clause, which requires "notice reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." *Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1240 (Colo. 2012) (en banc) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

59. Colorado Rule of Civil Procedure 4 provides:

> Personal Service shall be as follows . . . Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family. . . .

C.R.C.P. 4(e)(1).

60. Defendant served Plaintiff at an address that he did not live at, and that he had not lived at for several years.

61. Defendant's service violated both the Colorado Rules of Civil Procedure and the United States Constitution.

62. Because Plaintiff's actual address is a matter of public knowledge, and has been so since 2003, and was easily discoverable by just a simple internet search using any one of the leading internet search engines, Defendant knew or should have known that Plaintiff did not live at the Ironstone Way address when it attempted service there.

63. As a result of Defendants' improper service, Plaintiff never got notice of the lawsuit until 2016.

64. As a result of Defendant's improper service, Plaintiff was deprived of the opportunity to defend himself from Defendant's suit and to raise arguments on his own behalf.

65. As a result of Defendant's improper service, Plaintiff has had to incur the time, expense, and disutility of filing a pro se motion and attending a hearing to set aside Defendant's default judgment.

66. By serving Plaintiff at a ten-year-old address that he no longer lived at, despite Plaintiff's actual address being a matter of public knowledge and easily discoverable via a simple search of any of the most popular internet search engines, Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt.

67. Because Defendant never served Plaintiff with its complaint, despite the exercise of diligence, Plaintiff could not discover Defendant's violation of 15 U.S.C. §

1692e(10), arising from Defendant's defective service of its complaint, until January 2016.

68.   Colorado follows the discovery rule regarding FDCPA claims. *See Bynes v. Liberty Acquisitions Servicing, LLC*, No. CIV.A. 12-CV-00950, 2012 WL 6962888, at *2 (D. Colo. Nov. 8, 2012), report and recommendation adopted, No. 12-CV-00950-RBJ-KLM, 2013 WL 360010 (D. Colo. Jan. 30, 2013) ("the traditional discovery rule is still the law in the Tenth Circuit in connection with the FDCPA's statute of limitations.").

69.   Thus, Plaintiff's claim under 15 U.S.C. § 1692e(10) is timely notwithstanding that fact that Defendant's violative conduct occurred in 2012.

70.   Additionally, as of March 28, 2016, Defendant had no authority to retain Plaintiff's garnished funds.

71.   Nonetheless, for several months after the judgment was vacated, Defendant failed to return any of the money it had garnished from Plaintiff.

72.   By retaining $713.86 of Plaintiff's money, when it had no right to do so, Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt.

73.   As a result of Defendant's failure to return the funds it had no legal right to possess, Plaintiff has lost the use of funds that are rightfully his and has had to incur the time, expense, and disutility of obtaining counsel to secure the return of his garnished funds.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692f

74. Plaintiff repeats and re-alleges each factual allegation above.

75. By serving Plaintiff at a ten-year-old address that he no longer lived at, despite Plaintiff's actual address being a matter of public knowledge and easily discoverable via a simple search of any of the most popular internet search engines, Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect Plaintiff's Debt.

76. As a result of Defendants' improper service Plaintiff never got notice of the lawsuit until 2016.

77. As a result of Defendant's improper service Plaintiff was deprived of the opportunity to defend himself from Defendant's suit and to raise arguments on his own behalf.

78.  As a result of Defendant's improper service Plaintiff has had to incur the time, expense, and disutility of filing a pro se motion and attending a hearing to set aside Defendant's default judgment.

79.  Moreover, because Defendant never served Plaintiff with its complaint, despite the exercise of diligence, Plaintiff could not discover Defendant's violation of 15 U.S.C. § 1692f arising from Defendant's defective service of its complaint, until January 2016.

80.  Colorado follows the discovery rule regarding FDCPA claims. *See Bynes v. Liberty Acquisitions Servicing, LLC*, No. CIV.A. 12-CV-00950, 2012 WL 6962888, at *2 (D. Colo. Nov. 8, 2012), report and recommendation adopted, No. 12-CV-00950-RBJ-KLM, 2013 WL 360010 (D. Colo. Jan. 30, 2013) ("the traditional discovery rule is still the law in the Tenth Circuit in connection with the FDCPA's statute of limitations.").

81.  Thus, Plaintiff's claim under 15 U.S.C. § 1692f is timely notwithstanding that fact that Defendant's violative conduct occurred in 2012.

82.  Additionally, by retaining $713.86 of Plaintiff's money, when it had no right to do so, Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect Plaintiff's Debt.

83.  As a result of Defendant's failure to return the funds it had no legal right to possess, Plaintiff has lost the use of funds that are rightfully his and has had to incur the time, expense, and disutility of obtaining counsel to secure the return of his garnished funds.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

84. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 22, 2016

Respectfully submitted,

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8875
866-317-2674 facsimile
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System. Service of this filing will be made by the CM/ECF notification system to the following counsel of record:

Nicholas J. Prola
Professional Finance Company, Inc.
5754 W. 11th St., Ste. 100
Greeley, CO 80634
nprola@pfccollects.com
Attorneys for Defendant

/s/Zachary Landis
Zachary Landis