IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02000-KLM

GARY THUROW,

    Plaintiff,

v.

PROFESSIONAL FINANCE COMPANY, INC.,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#13][1] (the "Motion"). Plaintiff filed a Response [#20] in opposition to the Motion, and Defendant filed a Reply [#23]. The Court has reviewed the Motion, the entire docket, and the applicable law, and is sufficiently advised in the premises. Based on the following,

IT IS HEREBY **ORDERED** that the Motion [#13] is **GRANTED**, and all claims are **DISMISSED with prejudice**.[2]

## I. Background

Plaintiff is a registered sex offender who alleges that his home address is listed in Colorado's Sex Offender Registry and readily available through internet searches.

---

[1] "[#13]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Order.

[2] This case has been referred to the undersigned for all purposes pursuant to D.C.COLO.LCivR 40.1(c) and 28 U.S.C. § 636(c), on consent of the parties. *See* [#7, #9].

1

Nevertheless, he alleges that in 2012, a debt collector attempted to serve a lawsuit on him at an old address and eventually obtained a default judgment against him and garnished some of his wages. When Plaintiff proved that he had not been lawfully served, the debt collector did not immediately return the garnished funds to him. Plaintiff asserts that because his address "is a matter of public knowledge" which was "easily discovered by just a simple internet search," the debt collector Defendant "knew or should have known" that he did not live at the service address. *Am. Compl.* [#10] ¶ 26. By serving him at that address, Plaintiff asserts that Defendant engaged in deceitful, unfair or unconscionable conduct. By failing to immediately return the garnished funds, Plaintiff alleges that Defendant used deceptive means to collect a debt and threatened to take action that could not legally be taken. Plaintiff asserts that these allegations state claims for violation of the Fair Debt Collection Practices Act ("FDCPA"). I disagree, as explained in more detail below.

In the Amended Complaint, Plaintiff asserts multiple violations of the FDCPA, 15 U.S.C. §§ 1692e, 1692f, based on allegedly ineffective service of a complaint against him in a previous state court lawsuit and based on Defendant's failure to immediately offer to return the garnishment funds when the default judgment in that case was vacated. *See Am. Compl.* [#10] ¶¶ 49, 55, 66, 72, 79, 82. In the Motion [#13], Defendant seeks to dismiss all claims in Plaintiff's Amended Complaint [#10] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim under the FDCPA.

Plaintiff makes the following allegations in his first Amended Complaint: On August 16, 2012, Defendant filed a lawsuit against Plaintiff in the Douglas County Court of the State of Colorado for an alleged obligation to pay a debt owed to a third party on a Wells Fargo Bankcard account. *Am. Compl.* [#10] ¶¶ 9, 11. Plaintiff asserts that he was never

2

served with Defendant's lawsuit because he no longer resided at the service address when service allegedly occurred on September, 30, 2012. *Id.* ¶¶ 12-14. Plaintiff has not lived at the service address since 2006. *Id.* ¶ 15. Based on a process server's affidavit of service, the Douglas County Court entered default judgment against Plaintiff on October 24, 2012, and issued a writ of garnishment against Plaintiff approximately three years later. *Id.* ¶¶ 30-31.

Because of the ineffective service, Plaintiff did not receive notice of Defendant's lawsuit until January 15, 2016. *Id.* ¶¶ 27, 32. Between February 2016 and March 2016, Defendant collected a total of $713.86 from Plaintiff through wage garnishment. *Id.* ¶ 38. On March 28, 2016, the Douglas County Court set aside the default judgment after Plaintiff provided sufficient proof that he was not residing at the residence at which he had been purportedly served. *Id.* ¶ 35. Defendant did not offer to return the funds until Plaintiff's counsel threatened litigation approximately three months later. *Id.* ¶¶ 38, 41, 43.

Plaintiff alleges that Defendant knew or should have known that Plaintiff is included in Colorado's Sex Offender Registry, which contains his current address and physical description. *Id.* ¶ 19. Plaintiff also alleges that Defendant could have found his current address by performing an internet search; therefore, Defendant knew or should have known that Plaintiff had previously but no longer resided at the service address. *Id.* ¶¶ 20-23, 26. Plaintiff alleges that his first communication with Defendant occurred on or about June 20, 2016, at which time Defendant acknowledged that Plaintiff was included in Colorado's Sex Offender Registry. *Id.* ¶¶ 41-42.

Based on the alleged ineffective service of the complaint in the prior lawsuit and Defendant's failure to immediately offer to return the garnishment funds, Plaintiff claims that Defendant violated the FDCPA. *See id.* ¶¶ 35, 39. Specifically, by failing to properly serve

Plaintiff when Defendant knew or should have known Plaintiff's current address and by not immediately offering to return the garnishment funds after the Douglas County Court set aside the default judgment, Plaintiff avers that Defendant violated: (1) 15 U.S.C. § 1692e(5) "by taking or threatening to take an action that cannot be legally taken," *id.* ¶¶ 49, 55; (2) 15 U.S.C. § 1692e(10) "by using false, deceptive, or misleading representation or means," *id.* ¶¶ 66, 72; and (3) 15 U.S.C. § 1692f "by using unfair or unconscionable means," *id.* ¶¶ 75, 82.

In the Motion [#13], Defendant does not explicitly dispute that Plaintiff is a consumer, that Defendant is a debt collector, that Defendant's legal action was taken in connection with collection of a debt in default to a third party, or that the debt was incurred primarily for personal, family, or household purposes as defined under the FDCPA. *See Am. Compl.* [#10] ¶¶ 5-7, 9, 11.

## II. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl.*

4

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] that the pleader is entitled to relief," as required by Rule 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

All of Plaintiff's claims against Defendant in this case arise pursuant to the FDCPA. *See Am. Compl.* [#10] ¶¶ 49, 55, 66, 72, 79, 82. Defendant argues that Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. *Motion* [#13] at 2. Specifically, Defendant asserts, as a matter of law, that serving Plaintiff at an address at which he allegedly no longer resided, and not immediately returning garnishment funds after the judgment underlying the court-issued

garnishment was vacated, absent any request, demand or order to return funds, cannot establish a violation of the FDCPA.  *Id.* at 1-2.

The FDCPA is designed to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692.  Specifically, Plaintiff alleges that Defendant's debt collection practices violated 15 U.S.C. §§ 1692e(5), 1692e(10), and 1692f.  *Am. Compl.* [#10] ¶¶ 49, 55, 66, 72, 79, 82.  Accepting the well-pled allegations of Plaintiff's Amended Complaint [#10] as true, and for the reasons stated below, the Court concludes that dismissal of all claims against Defendant for violations of 15 U.S.C. §§ 1692e(5), 1692e(10), and 1692f is appropriate.  *See Mobley*, 40 F.3d at 340 (holding that the purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true").

**A.     Alleged Ineffective Service**

In connection with the collection of a debt, Defendant filed a lawsuit in Douglas County Court and attempted service of process pursuant to the Colorado Rules of Civil Procedure.  *See Am. Compl.* [#10] ¶ 11.  Pursuant to Colo. R. Civ. P. 4(e)(1), service of process is proper "upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person."  If served personally, the manner of proof of service includes a "statement duly acknowledged under oath by any other person completing the service as to date, place, and manner of service."  Colo. R. Civ. P. 4(h)(1).

Plaintiff asserts that he was never served with Defendant's lawsuit because he no longer resided at the service address when service allegedly occurred on September, 30, 2012.  *See Am. Compl.* [#10] ¶¶ 12-15.  Plaintiff alleges that he lived at the service address until 2006.  *Id.* ¶ 15.  Plaintiff alleges that Defendant knew or should have known that

6

Plaintiff no longer resided at the service address, because his current address is a matter of public knowledge. *Id.* ¶¶ 13, 26. However, Plaintiff has failed to allege that internet searches in 2012 would have shown that Plaintiff no longer resided at the service address. *See id.* ¶¶ 19-24, 49, 62, 75. In addition, Plaintiff does not explicitly allege that Defendant knew Plaintiff was included in Colorado's Sex Offender Registry prior to June 20, 2016. *See id.* ¶¶ 41-42. Hence, Plaintiff's allegation that Defendant "knew or should have known" that he did not reside at the service address at the time of service is merely conclusory and may be disregarded. *Ashcroft*, 556 U.S. at 678.

Plaintiff asserts in his Response [#20] that "many courts have found that the point on the continuum at which a defect in service becomes a violation of the FDCPA is when the collector knows or should know that service was bad." *Response* [#20] at 8 ¶ 2. Plaintiff cites *Briscoe v. Cohen, McNeile & Pappas, P.C.*, No. 14-2146-DDC-KGG, 2014 WL 4954600 (D. Kan. Oct. 1, 2014), and *Scott v. Kelkris Associates, Inc.*, CIV. 2:10-1654 WBS, 2012 WL 996578 (E.D. Cal. Mar. 23, 2012), to support his argument. *Id.* However, Plaintiff's assertion is incorrect, as noted by Defendant in its Reply and discussed by the Court below. *See Reply* [#23] at 4 ¶¶ 1-2.

The court in *Briscoe* recognized that other courts have allowed FDCPA claims to proceed when the plaintiff has adequately alleged that the defendant failed to serve the debtor and filed a fraudulent affidavit attesting to service for the purpose of receiving a default judgment against the debtor. 2014 WL 4954600, at *4. In *Briscoe*, the debt collector served the debtor at an address at which the debtor never resided, and the service address was different from the address on the debtor's account statements. *Id.* at *6. The debtor alleged that the debt collector should have known his correct address based on the debt collector's own records. *Id.* Despite Plaintiff's allegations that Defendant's own

7

records demonstrated that the service address was incorrect, the court held that "[t]he failure to serve [the debtor] at the correct address rendered the judgment null . . . , [b]ut these allegations do not state claim[s] under the FDCPA" for violation of 15 U.S.C. §§ 1692d, 1692e, or 1692f. *Id.* The court granted the debt collector's motion to dismiss all FDCPA claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.* at *13.

*Briscoe* cites *Scott*, where the debtor argued that the debt collector should have known that the service address was incorrect because the process server was told that the debtor was not available when he attempted service. 2012 WL 996578, at *6. The court held that "[a]bsent evidence that [the debt collector] knew that [the debtor] did not live at the [service] address when it sent a process server to the address, it was not unfair or unconscionable for [the debt collector] to rely on [the process server's] declaration of service when it filed for default judgment in state court." *Id.*

Both *Briscoe* and *Scott* hold that the plaintiff must demonstrate that the debt collector knew that service was improper in order to violate the FDCPA. The Court finds these cases persuasive because they involve similar facts as this case—ineffective service, default judgment, and execution on that judgment. In this case, Plaintiff conclusorily alleges that Defendant knew or *should have known* that Plaintiff had previously but no longer resided at the service address through internet searches, and that Defendant knew or *should have known* that Plaintiff is included in Colorado's Sex Offender Registry, which contains his current address and physical description. *See Am. Compl.* [#10] ¶¶ 19-26. However, Plaintiff fails to link this allegedly publically available information to knowing actions taken by Defendant, thus failing to allege that Defendant did anything other than

8

make an honest mistake.³  No court has held that debt collectors are liable under the FDCPA for honest mistakes.  Pursuant to *Briscoe*, even when there is evidence that the service address is incorrect, the debtor must allege that the debt collector failed to serve the debtor and filed a fraudulent affidavit attesting to service for the purpose of receiving a default judgment against the debtor.  2014 WL 4954600, at *4.  Here, Plaintiff has failed to allege that Defendant knew that Plaintiff was included in Colorado's Sex Offender Registry during the relevant time, i.e., 2012, has failed to allege that Defendant performed internet searches and knew Plaintiff had previously but no longer resided at the service address, and has failed to allege that the service affidavit was fraudulent.  As in *Briscoe* and *Scott*, failing to allege that Defendant actually knew that the service address was incorrect is a failure to sufficiently allege a violation of the FDCPA based on ineffective service.⁴  With these considerations in mind, the Court turns to the specific sections of the FDCPA which Plaintiff asserts were violated by Defendant's actions.

1. **15 U.S.C. § 1692e(5)**

Section 1692e of the FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The statute specifically prohibits "[t]he threat to take any action that cannot legally be taken

---

³ In Response [#20], Plaintiff requests leave to amend his Amended Complaint to explicitly allege that Defendant filed a false document stating that he was properly served if the Court holds that Defendant's ineffective service fails to state a claim under 15 U.S.C. §§ 1692e and 1692f.  *See Response* [#20] at 10 n.2.  However, "[a] motion shall not be included in a response or reply to the original motion.  A motion shall be filed as a separate document."  D.C.COLO.LCivR 7.1(d); *see Hines v. Jones*, 373 F. App'x 890, 891-92 (10th Cir. 2010); *see Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999) (holding that a response to a motion to dismiss is insufficient to be construed as request to amend a complaint).

⁴ The Court has found only one opinion in which another court suggested, in dicta, that a reasonable jury could find that ineffective service alone could possibly violate § 1692e of the FDCPA as an action that could not legally be taken.  *See Coleman v. Berman & Rabin, P.A.*, No. 4:14-CV-1090-CEJ, 2015 WL 4524599, at *5 (E.D. Mo. July 27, 2015).

9

or that is not intended to be taken." 15 U.S.C. § 1692e(5).

Plaintiff asserts that Defendant violated section 1692e(5) "by taking or threatening to take an action against Plaintiff that cannot be legally taken," because Defendant attempted to serve a complaint on Plaintiff at an address where he no longer resided. *Am. Compl.* [#10] ¶ 49. The only alleged actions taken by Defendant were performing ineffective service and seeking a default judgment after Defendant received an affidavit of service, which the court in *Briscoe* found did not violate 15 U.S.C. § 1692e. *Id.* ¶¶ 27, 31; *see* 2012 WL 996578, at *13, *see, e.g.*, *Lewis v. JP Morgan Chase Bank, Nat'l Ass'n*, No. 13-cv-01375-PAB-KLM, 2014 WL 1217948, at *19 (D. Colo. Mar. 24, 2014) (holding that the debtor failed to state a claim under 15 U.S.C. § 1692e(5) because "[the debt collector] had a legal right to foreclose and initiated the Rule 120 Proceeding"). Plaintiff has simply failed to sufficiently allege any illegal action by Defendant.

Although the Court deems the well-pleaded facts of Plaintiff's Amended Complaint [#10] to be true, the Court finds that Plaintiff has not sufficiently alleged a violation of section 1692e(5) in connection with the alleged ineffective service because Plaintiff has failed to adequately allege an action that could not be legally taken. Accordingly, Plaintiff's ineffective service claim under 15 U.S.C. § 1692e(5) is **dismissed with prejudice**. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

### 2.     15 U.S.C. § 1692e(10)

15 U.S.C. § 1692e(10) of the FDCPA specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Plaintiff asserts that Defendant's ineffective service

of its complaint in the prior lawsuit violated section 1692e(10) "by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt." *Am. Compl.* [#10] ¶ 66. The Court is aware of no legal authority holding that ineffective service is sufficient to allege a claim under section 1692e(10), and Plaintiff has failed to allege that Defendant made any representations other than filing a motion for default judgment. *See, e.g.*, *Jones v. Law Offices of Kirk A. Cullimore, LLC*, No. 2:15-CV-694-TS, 2017 WL 589114, at *2 (D. Utah Feb. 14, 2017) (holding that the debtor failed to state a claim under 15 U.S.C. § 1692e(10) "because mailing a court order to an incorrect address does not constitute 'false representation or deceptive means' under the statute"). At the end of the day, Plaintiff has simply failed to allege any deceptive conduct by Defendant.

Although the Court deems the well-pleaded facts of Plaintiff's Amended Complaint [#10] to be true, the Court finds that Plaintiff has not sufficiently alleged a violation of section 1692e(10) in connection with the alleged ineffective service because Plaintiff has failed to adequately allege any false representation or deceptive means to collect debt. Accordingly, Plaintiff's ineffective service claim under 15 U.S.C. § 1692e(10) is **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1219.

3. **15 U.S.C. § 1692f**

Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Plaintiff asserts that Defendant's ineffective service of its complaint in the prior lawsuit violated section 1692f "by using unfair or unconscionable means to collect Plaintiff's Debt." *Am. Compl.* [#10] ¶ 75. The statute provides a non-exclusive list of conduct that would constitute a violation. Although Plaintiff asserts a violation of section 1692f, Plaintiff does not specifically allege or clarify in his Response [#20] which, if any, of the listed conduct

occurred.  The Court is aware of no legal authority holding that ineffective service amounts to "unfair or unconscionable means" to collect a debt sufficient to allege a claim under section 1692f.  *See, e.g.*, *Jones*, 2017 WL 589114, at *1-2 (holding that the debtor failed to state a claim under 15 U.S.C. § 1692f because the debtor, without offering any factual support, alleged that the debt collector knew the correct service address and knowingly served the debtor at an incorrect address with the "intent to deprive the [debtor of] the opportunity to contest the attorney fee affidavit and judgment").  Contrary to Plaintiff's assertion, the court in *Briscoe* found that ineffective service alone is not sufficient to allege a violation of 15 U.S.C. § 1692f.  *See* 2012 WL 996578, at *13.

Although the Court deems the well-pleaded facts of Plaintiff's Amended Complaint [#10] to be true, the Court finds that Plaintiff has not sufficiently alleged a violation of section 1692f in connection with the alleged ineffective service because Plaintiff has failed to allege any unfair or unconscionable means to collect or attempt to collect any debt. Accordingly, Plaintiff's ineffective service claim under 15 U.S.C. § 1692f is **dismissed with prejudice**.  *See Brereton*, 434 F.3d at 1219.

**B.     Alleged Failure to Return Garnishment Funds**

Plaintiff alleges that the Douglas County Court entered default judgment against Plaintiff on October 24, 2012, and that the court issued a writ of garnishment against Plaintiff approximately three years later on December 24, 2015.  *Am. Compl.* [#10] ¶¶ 30-31.  On June 20, 2016, Plaintiff's counsel contacted Defendant regarding return of garnishment funds and potential violations of the FDCPA caused by Defendant's conduct.  *Id.* ¶ 41.  Plaintiff alleges that when threatened with legal action Defendant offered to return the garnishment funds.  *Id.* ¶ 43.  Plaintiff asserts that by failing to return or failing to immediately return the garnishment funds after the default judgment was set aside,

Defendant violated 15 U.S.C. §§ 1692e(5), 1692e(10), and 1692f. *Am. Compl.* [#10] ¶¶ 55, 72, 83.

Plaintiff's most coherent argument regarding how Defendant violated 15 U.S.C. §§ 1692e(5) and 1692f by failing to promptly to return Plaintiff's garnishment funds is that "[a]s a matter of commonsense [sic], it was unfair for Defendant to retain Plaintiff's money." *Response* [#20] at 13 ¶ 2. Plaintiff's most coherent argument regarding how Defendant violated 15 U.S.C. § 1692e(10) by failing to return Plaintiff's garnishment funds is that "Defendant falsely represented that it was not required to return the funds and that it was actually entitled to keep them." *Id.* at 12 ¶ 2. However, this allegation of a purported false representation is not contained in the Amended Complaint [#10]. In his Response [#20], Plaintiff fails to provide any legal authority that directly addresses whether a judgment creditor is obligated to return the garnishment funds after a default judgment is vacated.

In the Motion [#13], Defendant cites *Smith v. Law Offices of Kirk A. Cullimore, LLC*, No. 2:12-cv-001066-RJS, 2014 WL 2462541, (D. Utah June 2, 2014), and *Polanco v. NCO Portfolio Management, Inc.*, 930 F. Supp. 2d 547 (S.D.N.Y. 2013), to support Defendant's argument that retaining lawfully garnished funds is not unfair or unconscionable under 15 U.S.C. § 1692f. *Motion* [#13] at 8-12. In *Smith*, the debtor was served with the summons and complaint, but, due to a misunderstanding, failed to file an answer. 2014 WL 2462541, at *2. The court entered default judgment and a writ of garnishment for the judgment amount. *Id.* at *2-3. The debt collector received garnishment funds the day after the default judgment was set aside. *Id.* at *3. The debt collector returned the garnishment funds less than a week after the court granted the debtor's motion to compel disgorgement and nearly two months after default judgment was set aside. *Id.* The debtor argued that the debt collector was obligated to immediately return the garnishment funds or ask the

13

court whether it could keep the garnishment funds once the debt collector knew the garnishment order was denied. *Id.* at *6. The court held "that no reasonable juror could return a verdict that the [debt collector] violated Section 1692f by waiting for [the court] to enter an order providing direction concerning what to do with the money, and thereafter returning the funds within about a week of that decision." *Id.*

In *Polanco*, a debt collector allegedly received garnishment funds after failing to serve the debtor with the summons and complaint, and then filing a falsified affidavit of service. 930 F. Supp. 2d 547, 548-549. The court set aside the default judgment and ordered the debt collector to return the garnishment funds. *Id.* at 549. The debt collector returned the garnishment funds nearly ten months after the court ordered the return of the funds and nearly five months after the court ordered the immediate return of the funds. *Id.* The court concluded that the "[d]efendant's alleged actions of fraudulently using the court's power to secure a default judgment and subsequent garnishment and then refusing to promptly obey the court's orders to return the money, falls within the FDCPA's broad purpose to protect consumers from such alleged abusive and unfair tactics." *Id.* at 552.

Like in *Smith*, Defendant retained garnishment funds after the default judgment was set aside and until requested to return the funds, which the court held did not violate 15 U.S.C. § 1692f. Unlike *Polanco*, Plaintiff has not alleged that Defendant fraudulently used the court to obtain the default judgment and writ of garnishment, and refused to return the garnishment funds pursuant to a court order. In fact, Plaintiff has not directly alleged any false representation by Defendant. *See Am. Compl.* [#10]. With these considerations in mind, the Court turns to the specific sections of the FDCPA which Plaintiff asserts were violated by Defendant.

    **1.**    **15 U.S.C. § 1692e(5)**

14

Section 1692e(5) specifically prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Plaintiff alleges that Defendant did not have the authority to retain garnishment funds after the default judgment had been vacated. *Am. Compl.* [#10] ¶ 53. By retaining garnishment funds when Defendant had no right to keep them, Plaintiff asserts that Defendant violated section 1692e(5) "by taking or threatening to take an action against Plaintiff that cannot be legally taken." *Id.* ¶ 55. First, Plaintiff fails to clarify how Defendant "threatened" anything here, which makes application of the section less than obvious. More importantly, Plaintiff cites no legal authority, and the Court is aware of none, holding that a debt collector must return funds garnished pursuant to a court order after a default judgment is set aside and before a court has ordered the return of the funds. As a result, Plaintiff has failed to allege any action that cannot legally be taken. *See, e.g.*, *Lewis*, 2014 WL 1217948, at *19 (holding that the debtor failed to state a claim under 15 U.S.C. § 1692e(5) because "[debt collector] had a legal right to foreclose and initiated the Rule 120 Proceeding").

Although the Court deems the well-pleaded facts of Plaintiff's Amended Complaint [#10] to be true, the Court finds that Plaintiff has not sufficiently alleged a violation of section 1692e(5) in connection with the alleged failure to return the garnishment funds because Plaintiff has failed to adequately allege an action that could not be legally taken. Accordingly, Plaintiff's failure to return the garnishment funds claim under 15 U.S.C. § 1692e(5) is **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1219.

   **2.**    **15 U.S.C. § 1692e(10)**

Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Plaintiff asserts that Defendant did not

have the authority to retain garnishment funds after the default judgment had been vacated. *Am. Compl.* [#10] ¶ 70. By retaining garnishment funds when Defendant had no right to keep them, Plaintiff asserts that Defendant violated section 1692e(10). *Id.* ¶ 72. But importantly, Plaintiff fails to allege that Defendant made any false representation or used any deceptive means. *See Am. Compl.* [#10]. Moreover, Plaintiff cites no legal authority, and the Court is aware of none, holding that a debt collector must return funds garnished pursuant to a court order after a default judgment is set aside and before a court has ordered the return of the funds. These allegations are insufficient to state a claim under section 1692e(10). *See, e.g.*, *Winberry v. United Collection Bureau, Inc.*, 697 F. Supp. 2d 1279, 1289 (M.D. Ala. 2010) (holding that the plaintiff failed to state a claim under 15 U.S.C. § 1692e(10) because the plaintiff failed to establish that deception was used).

Although the Court deems the well-pleaded facts of Plaintiff's Amended Complaint [#10] to be true, the Court finds that Plaintiff has not sufficiently alleged a violation of section 1692e(10) in connection with the alleged failure to return the garnishment funds because Plaintiff has failed to adequately allege any false representation or use of deceptive means to collect a debt. Accordingly, Plaintiff's failure to return the garnishment funds claim under 15 U.S.C. § 1692e(10) is **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1219.

### 3.     15 U.S.C. § 1692f

Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Plaintiff asserts that Defendant's retention of funds when Defendant had no right to keep them violated section 1692f "by using unfair or unconscionable means to collect Plaintiff's Debt." *Am. Compl.* [#10] ¶ 82. The statute provides a non-exclusive list of conduct that

would constitute a violation. Although Plaintiff asserts a violation of section 1692f, Plaintiff does not specifically allege or clarify in his Response [#20] which, if any, of the listed conduct occurred. Further, Plaintiff fails to explain how Defendant's conduct was "unfair" or "unconscionable." Plaintiff cites no legal authority, and the Court is aware of none, holding that a debt collector must return funds garnished pursuant to a court order after a default judgment is set aside and before a court has ordered the return of the funds. *See, e.g., Smith*, 2014 WL 2462541, at *6 (holding "that no reasonable juror could return a verdict that the [debt collector] violated Section 1692f by waiting for [the court] to enter an order providing direction concerning what to do with the money"). As a result, Plaintiff has failed to allege any unfair or unconscionable means to collect or attempt to collect any debt.

Although the Court deems the well-pleaded facts of Plaintiff's Amended Complaint [#10] to be true, the Court finds that Plaintiff has not sufficiently alleged a violation of section 1692f in connection with the alleged failure to return the garnishment funds because Plaintiff has failed to allege any unfair or unconscionable means to collect or attempt to collect any debt. Accordingly, Plaintiff's failure to return the garnishment funds claim under 15 U.S.C. § 1692f is **dismissed with prejudice**. *See Brereton*, 434 F.3d at 1219.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#13] is **GRANTED**. All claims against Defendant are **DISMISSED with prejudice**.

IT IS FURTHER **ORDERED** that the Final Pretrial Conference, Trial Preparation Conference, and Jury Instructions Conference set for September 15, 2017, at 1:30 p.m. are **VACATED**.

17

IT IS FURTHER **ORDERED** that the two-day Jury Trial set to begin on September 25, 2017, at 9:00 a.m. is **VACATED**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **close** this case.

Dated: July 5, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge